SCHOONOVER, Judge.
Appellants, Continental Coffee Company of Florida, Inc., now known as Continental Food Service Company, a corporation, and Harold Freund Baking Company of Florida, now known as CFS Bakeries, Inc., a corporation, appeal a final judgment entered against them and in favor of Morris Sklar, trustee under the trust of Molly Sklar, deceased. We affirm in part and reverse in part.
The corporations, through their predecessors, originally entered into a written lease with the deceased in 1966. The lease was renewed through December 31, 1981. The parties then orally agreed that the corporations, instead of exercising a further three-year option, could remain on the property for eighteen months at a monthly rental rate of $3500. On March 18, 1983, the trustee demanded that the premises be vacated by June 18, 1983. The corporations disputed the validity of this attempt to shorten the lease by thirteen days.
The trustee filed an action in the Pinellas County Court seeking to evict the corporations. In this eviction action, the parties reached a compromise and entered into a stipulation providing that CFS Bakeries would vacate the premises on or before October 31, 1983, and that the agreed rent for the use of the premises between July 1 and October 31 would be $5000 per month. The stipulation provided further that if CFS Bakeries failed to vacate the premises on or before October 31, the trustee would be entitled to immediate entry of a judgment of eviction upon filing an affidavit stating that CFS Bakeries had failed to vacate the premises.
In August, 1983, the trustee filed another action, which is the subject of this appeal. The first count of the amended complaint sought damages against the two corporations for unlawful detainer. The second count sought damages for injury to the leased property. At the conclusion of a nonjury trial, the court entered a judgment on count I finding that the corporations had unlawfully occupied the premises between July 1 and October 31, 1983. The court awarded damages to the trustee in the amount of $8000. This sum represented double rent for the period between July 1 and October 31, less amounts paid pursuant to the stipulation filed in the previous county court eviction action. On count II, the court awarded the trustee a judgment in the amount of $15,300 for damages to the leased property. The corporations timely filed this appeal.
We find that substantial competent evidence exists to support the court’s award on count II of the amended complaint. We find, however, that the trustee failed to sustain its burden of proof in connection with count I, the unlawful de-tainer action.
In order to prevail in an unlawful detainer action, it is necessary to prove that the property is being held against the consent of the party entitled to possession. § 82.04(1), Fla.Stat. (1981). In this case, by entering into a stipulation allowing the corporations to possess the property for a period of time past the expiration of the oral lease, the trustee lost his right to claim that the property was being held without consent.
At trial, the trustee’s attorney stipulated that the eviction-proceeding stipulation was a valid and existing stipulation. He further agreed that, according to this earlier stipulation, the corporations were to pay the trustee the sum of $5000 per month for the period of July through October. He agreed that the trustee had received this amount. If this court were to find, as is required by the unlawful detainer statute, that the corporations were occupying the premises without the trustee’s consent, such a finding would be inconsistent with the trustee’s agreement. The trustee agreed to receive $5000 per month in exchange for allowing the corporations to occupy the premises an additional four months past the expiration of the oral *257 lease. We hold, therefore, that the trial court erred in finding for the trustee in the unlawful detainer action.
We, accordingly, affirm the portion ,of the final judgment that awards the trustee the sum of $15,300 representing the necessary and reasonable expenses incurred in making repairs to the rented property, but reverse the portion of the judgment awarding the sum of $8000 in the unlawful detention action.
Affirmed in part and reversed in part.
DANAHY, A.C.J., and HALL, J., concur.